FILED
United States Court of Appeals
Tenth Circuit

October 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

STACEY D. BENFORD,

     Defendant - Appellant.

No. 12-6299
(D.C. No. 5:99-CR-00066-M-1)
(W. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **KELLY**, and **GORSUCH**, Circuit Judges.

---

Stacey D. Benford, a patient at the Federal Medical Center in Rochester, Minnesota ("FMC"), appeals from the district court's order denying him unconditional discharge. According to the district court, Mr. Benford failed to show by clear and convincing evidence that his release would not pose a substantial risk of bodily injury or serious damage to property of another. Our jurisdiction arises under 28 U.S.C. § 1291 and finding no clear error, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

Mr. Benford suffers from paranoid type schizophrenia and has been in and out of federal mental facilities for the past fifteen years. In 1998, Mr. Benford was arrested and charged with bank robbery. He was found not guilty by reason of insanity and was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. Since then, he has been conditionally released into the community three times, each time violating the terms of his release. He has been in continuous incarceration at FMC since 2005. As part of that commitment, Mr. Benford is interviewed annually by a risk assessment panel, composed of two or three independent clinicians, to determine if he continues to meet the criteria for commitment or is eligible for release.

As a schizophrenic, Mr. Benford has experienced auditory hallucinations, delusions of grandeur, agitation, paranoia, disorganized thoughts, and pressured, nonsensical speech. At times, he has shown a propensity for aggressive and violent behavior. In addition to his 1998 bank robbery, Mr. Benford has on multiple occasions assaulted staff members and fellow residents in his treatment facilities. During his three periods of conditional release, he failed to take his medication, abused drugs and alcohol, and engaged in threatening behavior.

Despite these incidents, Mr. Benford has refrained from aggression for the past six years, and a risk assessment panel recommended his release in 2012. The panel stated that while there was some risk associated with Mr. Benford's release,

he was on long-acting antipsychotic medication and could be transferred to a state hospital in Oklahoma upon his release. Thus, it was unlikely that Mr. Benford would engage in aggression during the time it took to transfer him to an Oklahoma facility. During his interview with the panel, Mr. Benford acknowledged his mental illness and denied any intent to harm other people, possess a weapon, or abuse illegal or unprescribed drugs in the future.

The warden of FMC filed a Certificate of Recovery and Request to Discharge from Psychiatric Hospitalization in the district court, requesting Mr. Benford be discharged pursuant to 18 U.S.C. § 4243(f). Dr. Simcox, chief psychologist at FMC and a member of the panel, testified before the district court. He stated that Mr. Benford did not pose a subsantial risk of injury to others or damage to property because: (1) not all of Mr. Benford's aggressive behaviors were a direct result of his mental illness, (2) the misbehavior he engaged in did not result in serious injury or damage, and thus, Dr. Simcox speculated, any future misbehavior would be minor in nature, and (3) Mr. Benford is less aggressive due to age and maturity. After hearing testimony from Dr. Simcox and Mr. Benford's brother, the district court was not persuaded. Mr. Benford was returned to FMC, and this appeal followed.

## Discussion

When a defendant is found not guilty by reason of insanity, he is committed

to a treatment facility until eligible for release. 18 U.S.C. § 4243(a). A defendant will be discharged if "his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4243(f)(1). If the charged crime involved bodily injury, serious property damage, or the risk thereof, the defendant must prove the absence of substantial risk by clear and convincing evidence. 18 U.S.C. § 4243(d). The parties agree that bank robbery is such an offense.

We review a district court's commitment determination under § 4243 for clear error. United States v. Gilgert, 314 F.3d 506, 512-13 (10th Cir. 2002). Clear error involves a definite and firm conviction that a mistake has been made after reviewing the whole record. United States v. Weed, 389 F.3d 1060, 1071 (10th Cir. 2004). Our review is necessarily deferential, and we do not assess credibility or reweigh the evidence. Gilgert, 314 F.3d at 515-16.

Though the district court did not offer much explanation, the record contains ample support for its finding that Mr. Benford posed a safety risk if released from the FMC. This includes the view of the risk assessment panel. The panel's discharge recommendation was premised on the assumption that Mr. Benford would be transferred to an Oklahoma state mental facility, but Dr. Simcox testified that such a transfer could not be guaranteed. Once released from federal custody, Mr. Benford would be assessed by state officials to determine if he met their criteria for commitment. While the FMC panel believed he would be

admitted, Dr. Simcox could not state with certainty what would happen to Mr. Benford upon unconditional discharge.[1]  The panel believed that "Mr. Benford's psychotic illness remains so active that he appears to need the structure of a hospital setting"; since the court could not guarantee Mr. Benford such a setting upon his release, it was not clear error to deny his unconditional discharge.  <u>See</u> <u>United States v. Stewart</u>, 452 F.3d 266, 274 (3rd Cir. 2006).

While Mr. Benford argues that no countervailing evidence was presented as to the risk posed by his release, he bears the ultimate burden of proof.  <u>See</u> 18 U.S.C. § 4243(d).  Regardless, the record contains countervailing evidence:  Mr. Benford's considerable history of aggression coupled with the panel's statement that "past aggression is the single best predictor of future aggression." Considering Mr. Benford's three previous transgressions following conditional release, in which he failed to take his medication, abused drugs and alcohol, and acted aggressively, the district court's decision is not clearly erroneous.

AFFIRMED.

<div style="margin-left: 40%">

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

</div>

---

[1]  Conditional discharge under a prescribed regimen of care was not available to Mr. Benford due to his repeated failures under those programs in the past, and the panel's determination that Mr. Benford required a structured hospital setting.